UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA,

- against -

MANUEL OLIVARES ALMARAZ and
EDUARDO H. JIMENEZ PEREZ,

          Defendants.

------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

09 Cr. 159 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

      Defendants Manuel Olivares Almaraz and Eduardo H. Jimenez Perez have each been charged with one count of conspiracy to violate the criminal provisions of the Controlled Substances Act.[1] On April 20, 2009, Jimenez Perez moved to suppress tangible property and statements on the basis of purported violations of his Fourth and Fifth Amendment rights. On May 1, 2009, Olivares Almaraz similarly moved to suppress physical evidence and statements. This Court held a hearing to address disputed facts on May 19, 2009, at which time I denied defendants' motions in an oral decision, with one exception.[2] In order to

---

    1      *See* 2/20/09 Indictment, Docket No. 6 (citing 21 U.S.C. § 846).

    2      *See* Transcript, 5/19/09 Suppression Hearing ("Tr.") at 240-242.

assess the applicability of the Supreme Court's recent decision in *Arizona v. Gant*,[3] I reserved decision concerning the suppression of evidence taken from two vehicles.[4]

Having now reviewed *Gant*, I find that the warrantless searches of defendants' vehicles did not violate their Fourth Amendment rights. Therefore, defendants' motions to suppress are denied in full.

## II. BACKGROUND

On February 1, 2009, law enforcement agents acted on a tip provided by a confidential informant to track a tractor-trailer to a truck stop in the Bronx, on the suspicion that the tractor-trailer contained narcotics.[5] During that surveillance, agents observed that the roof panels of the tractor-trailer were bowed upward in a manner agents associated with hidden compartments in which narcotics are smuggled.[6] The defendants were observed moving a large container from a car in the parking lot toward the tractor-trailer.[7] Law enforcement agents then entered

---

[3]  129 S. Ct. 1710 (2009).

[4]  *See* Tr. at 242:6-13.

[5]  *See id.* at 13:11-16:13.

[6]  *See id.* at 23:7-21, 153:12-154:5.

[7]  *See id.* at 24:10-20.

the lot, arrested Jimenez Perez and – after some searching – arrested Olivares Almaraz.[8] While looking for Mr. Almaraz, law enforcement officers observed open black duffle bags on the ground around the tractor-trailer, which contained brick-shaped objects that had been wrapped in black tape in a manner that officers associated with kilograms of cocaine.[9]

After officers arrested Jimenez Perez, they requested his permission to search the car from which he had been moving containers, and Jimenez Perez gave his consent.[10] Ledgers, cell phones, and computer equipment were all seized from the car.[11] Although lacking a search warrant,[12] officers also searched the tractor-trailer, specifically inspecting the compartment beneath the roof panels.[13] Approximately 83 kilograms of cocaine were seized from the tractor-trailer.[14]

## III. APPLICABLE LAW

---

[8] *See id.* at 25:16-26:21, 32:3-32:18.

[9] *See id.* at 31:16-32:2.

[10] *See id.* at 120:11-121:1. Officers determined that Mr. Jimenez Perez had control over the car because he carried the key. *See id.* at 119:15-120:8.

[11] *See id.* at 132:11-19.

[12] *See id.* at 220:8-24 (conceding the absence of a warrant).

[13] *See id.* at 205:5-24.

[14] *See* 206:2-3.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions."[15] "Under the 'automobile exception' to the Fourth Amendment warrant requirement, police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime."[16] "[P]robable cause exists 'where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that' evidence of a crime will be found in the place to be searched."[17]

## IV.    DISCUSSION

It is clear that the automobile exception to the warrant requirement applies to this case. Both the car and the tractor-trailer were readily mobile vehicles. In pursuit of a tip concerning a drug conspiracy, police officers had observed a hidden compartment in the top of the tractor-trailer and had observed

---

[15]    *Katz v. United States*, 389 U.S. 347, 357 (1967).

[16]    *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004).

[17]    *Id.* (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)).

defendants moving materials from the car to the tractor-trailer. Moreover, officers had observed what appeared to be drugs in plain view around the tractor-trailer. Any reasonable officer would undoubtedly conclude that the origin and destination of materials being handled by drug couriers would contain evidence of a crime. Because they had probable cause to search the vehicles, the officers did not need a warrant. Therefore, the search of the tractor-trailer and the car did not violate defendants' Fourth Amendment rights.

The Supreme Court's recent decision in *Gant* does not alter this conclusion. *Gant* addresses a search of an arrestee's car in the absence of probable cause to believe that the vehicle contained evidence of a crime.[18] The Supreme Court's earlier decision in *New York v. Belton* had held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."[19] *Gant* added an additional requirement – that there be a "reasonable basis to believe the vehicle contains relevant evidence."[20] In Gant's case, police had searched his car pursuant to an arrest for driving with a

---

[18]  *See* 129 S. Ct. at 1719.

[19]  453 U.S. 454, 460 (1981).

[20]  129 S. Ct. at 1719.

suspended license. The Court found that no reasonable officer would expect to find evidence of that particular crime as a result of a search; thus the search violated Gant's Fourth Amendment rights.[21]

As described above, here the officers had probable cause to believe that both the car and the tractor-trailer contained evidence of narcotics crimes and therefore did not rely on the *Belton* exception to the probable cause requirement. *Gant* does not alter the broader automobile exception to the warrant requirement; thus defendants' motions to suppress is denied.

## V.   CONCLUSION

For the reasons set forth above, defendants' motions to suppress are denied in full. The Clerk of the Court is directed to close these motions (Docket Nos. 13 & 20).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 26, 2009

---

[21]   *See id.*

## - Appearances -

**For the Government:**

Telemachus Philip Kasulis
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
(212) 637-2411

**For Defendant Olivares Almaraz:**

Patrick J. Brackley, Esq.
233 Broadway, Suite 801
New York, New York 10279
(212) 334-3736

**For Defendant Jimenez Perez**

Fred L. Sosinsky, Esq.
45 Broadway, 30th Floor
New York, New York 10006
(212) 285-2270